## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Carl M. Tignor

    v.

Tom Waterfield,
a/k/a Thomas Bonney

October 24, 1986

Case No. (Law) L-856

By JUDGE AUSTIN E. OWEN

    This matter came before the General District Court of this City upon a Warrant In Debt instituted by Tignor against Waterfield a/k/a Bonney claiming $2,075.00 due for damage to personal property. On June 1, 1984, judgment was entered in favor of Tignor for $1,400.00, and defendant noted his appeal and posted bond of $2,800.00 on June 8, 1984. Exum Bonding Company became surety on the appeal bond.

    On May 29, 1985, Mr. Edward J. Pontifex, on behalf of Plaintiff, delivered a praecipe to the Sheriff for service on the Defendant at the same address where Defendant was originally served with process, which is also the address reflected on the Appeal Bond. The Sheriff's Return dated May 30, 1985, reflects that Defendant was "not found." The Praecipe requested the case be called and set at the docket call to be held in this Court on June 3, 1985.

    On June 3, 1985, the matter was called and set for trial on October 22, 1985.

    On October 22, 1985, the case was assigned to Judge Lam of this Court, and his notes reflect that he was made aware that the Sheriff had returned the praecipe as "not found" and had made the further notation "moved." Evidence

was adduced before Judge Lam, and he awarded the Plaintiff a judgment against Defendant for $2,075.00 plus costs and interest. The judgment was formally entered under date of December 31, 1985.

On May 7, 1986, there was docketed in this Court an assignment of said judgment from Plaintiff to Exum Bonding Company, Inc., in consideration of the payment to Plaintiff of the sum of $2,336.58. The assignment was dated and executed on March 20, 1986.

On May 22, 1986, Exum Bonding Company, Inc., requested a levy on the property of Defendant at 3081 Bow Creek Boulevard in the City of Virginia Beach.

On August 1, 1986, Mr. Sidney H. Kelsey, on behalf of Thomas Bonney, filed a Motion to Set Aside Default Judgment and served notice on Mr. Pontifex, as counsel for Plaintiff, that he would seek to have said motion heard on August 19, 1986, at 9:30 a.m. No notice was given to the assignee, Exum Bonding Company, Inc.

On August 19, 1986, Messrs. Kelsey and Pontifex appeared before the court and, after hearing argument, the motion was taken under advisement. The Court was not advised of the assignment of the judgment.

On August 19, 1986, after the hearing, the Court received telephone advice from Mr. Thomas H. Cave advising that he represented Exum Bonding Company, Inc., and expressed the belief that his client was a necessary party to any hearing upon the Plaintiff's motion. On the same date, the Court wrote to all counsel requesting that the matter be again set for hearing, and counsel for all parties appeared and argued the positions of their clients on October 23, 1986.

Defendant contends in his written motion (see e.g. paragraph 9 thereof) that "the defendant suffered a default judgment pursuant to Section 8.01-428 by either fraud on the Court, a void judgment due to lack of service of process, and/or mistake as provided in Section 8.01-428(C), Code of Virginia, 1950, as amended." The written motion is not signed by Defendant but by his attorney on his behalf, and is not, therefore, a pleading under oath.

No evidence has been offered in support of the motion except the matters reflected in this Court's file, the relevant portions of which have been set forth above.

Rule 3:17 of the Rules of the Supreme Court of Virginia states that a defendant who fails to plead to a notice of motion for judgment within the required time is in default, and is not entitled to notice of any further proceedings in the case (except as therein otherwise provided).

If we were to accept the allegations of Defendant's motion as binding on him, then his statement that judgment was granted by default would mean that he was entitled to no notice of the trial date and his motion is totally without basis.

However, the Defendant was not in default in pleading and no default was entered, but rather a judgment upon the evidence after trial.

Defendant alleges as a basis for his motion a fraud on the Court, but none is shown. To the contrary, Judge Lam's trial notes reflect his awareness that the Sheriff had been unable to serve the praecipe upon the Defendant. He also alleges mistake as a ground for relief but has shown none.

Finally, Defendant alleges as a basis for relief "a void judgment due to lack of service of process." *Process* is defined in Section 1-13.23:1 of the Code of Virginia of 1950, as amended, "to include subpoenas in chancery, notices to commence actions at law, process in statutory actions and scire facias." (The words "and scire facias" were deleted in the 1986 amendment.)

Noticeably absent from the definition is the word "praecipe."

Defendant was served with process.

*Praecipe* is a permissible system of managing a Court's docket recognized by Rule 1:15 of the Rules of the Supreme Court of Virginia. This Court provides for the praecipe system by local rule. The praecipe form appearing in the Appendix following Part One of the Rules of the Supreme Court of Virginia provides for service thereof upon parties not represented by counsel.

Section 8.01-319(A) of the Code of Virginia of 1950, as amended, provides in pertinent part, as follows:

> A party, who appears pro se in an action, shall file with the Clerk of the Court in which the action is pending a written statement of his

place of residence and mailing address, and shall inform the Clerk in writing of any change of residence and mailing address during the pendency of the action. The Clerk and all parties to the action may rely on the last written statement filed as aforesaid. *The Court in which the action is pending may dispense with such notice for failure of the party to file the statement herein provided for* or may require notice to be given in such manner as the Court may determine. (Emphasis added)

Judge Lam, on the hearing date of October 22, 1985, after noting the Sheriff's return on the praecipe of "not found" and the further notation "moved," proceeded with trial. He obviously determined to dispense with the notice of praecipe and trial date for failure of the defendant to file the required statement reflecting his change of residence and mailing address.

It follows from the foregoing that the Defendant has shown no basis for relief, and his motion is therefore denied.